**LAW OFFICES OF ROBERT L. TARVER, JR.**
**66 South Main Street**
**Toms River, New Jersey 08757**
**(732) 341-2152 Telephone**
**(732) 341-2153 Facsimile**
Robert L. Tarver, Jr., Esq. (0472)
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ALBERT TAYLOR, KAYLIN GUZMAN, BRIANNA GUZMAN and SHAQUANA MYRICK,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**CITY OF JERSEY CITY, HUDSON COUNTY PROSECUTORS OFFICE, CHIEF MICHAEL KELLY, individually and in his capacity as Chief of Police of Jersey City, KEITH STITH, individually and in his capacity as Chief of Detectives for Hudson County, JOHN and JANE DOES (1-10) are fictitious names pleaded as Defendants, whose true identities are unknown to Plaintiff at this time, ABC ENTITIES 1-5, fictitious names for entities currently unknown to Plaintiff at this time,**<br><br>**Defendants** | Civil Action No._____<br><br><br><br>**COMPLAINT, JURY DEMAND and DESIGNATION OF TRIAL COUNSEL** |

    Plaintiffs Albert Taylor, Kaylin Guzman, Brianna Guzman and Shaquana Myrick, by way of Complaint against Defendants say:

**INTRODUCTION**

    1.    This is an action for damages sustained by Albert Taylor, Kaylin Guzman, Brianna Guzman and Shaquana Myrick, citizens of the State of New Jersey and United States,

against law enforcement officers of the Jersey City Police Department and Hudson County Prosecutors Office, who unlawfully entered their residence, detained, assaulted, harassed and otherwise injured Plaintiffs.

2. The action is against the City of Jersey City and the County of Hudson as the employer of law enforcement personnel, which is sued as a person under 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983. This Court has jurisdiction over Plaintiff's federal civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper under 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred in this District.

5. The causes of action alleged, seek to redress the deprivation, under the color of state law, policy and custom, of rights secured by the United States Constitution, the New Jersey Constitution, and the statutory and common laws of the state of New Jersey, and to recover damages, costs, and attorney fees under 42 U.S.C. §§ 1983, 1985(1), (2), (3) and 1988.

6. The acts, omissions and conspiracies alleged in this complaint were engaged in and carried out by all defendants individually and under color of state law and/or agents, employees and co-conspirators of the Jersey City Police Department, the Hudson County Prosecutor's Office and ABC Entities 1-5, by and through their employees, agents, officials and co-conspirators pursuant to governmental policy, practice, and custom and under color of law.

7.     A Notice of Claim has been filed with the municipality and more than six months have elapsed without resolution of this claim.

**PARTIES**

8.     Plaintiff Albert Taylor is an adult male of African American descent residing at 170 Carteret Avenue, City of Jersey City, County of Hudson, and State of New Jersey.

9.     Plaintiff Kaylin Guzman is an adult female of African American descent residing at 170 Carteret Avenue, City of Jersey City, County of Hudson, and State of New Jersey.

10.    Plaintiff Brianna Guzman is an adult female of African American descent residing at 170 Carteret Avenue, City of Jersey City, County of Hudson, and State of New Jersey.

11.    Plaintiff Shaquana Myrick is an adult female of African American descent residing at 170 Carteret Avenue, City of Jersey City, County of Hudson, and State of New Jersey.

12.    Defendants John and Jane Does 1-10 are law enforcement officers employed by Defendant City of Jersey City, County of Hudson, State of New Jersey or any other governmental entity that acted in the course of their employment and/or under color of state law. They are sued in their official and individual capacity.

13.    Defendant, City of Jersey City (hereinafter "Jersey City"), is a municipality within the State of New Jersey and, at all times relevant to the allegations of this Complaint, was the employer of the individual defendants.

14.    Defendant, County of Hudson (hereinafter "Hudson County"), is a municipality within the State of New Jersey and, at all times relevant to the allegations of this Complaint, was the employer of the individual defendants.

15. Defendant, ABC Entities 1-5 are governmental entities who, at all times relevant to the allegations in this Complaint, employed the individual defendants.

16. At all times relevant to the allegations of this Complaint, Defendant Michael Kelly (hereinafter "Kelly") served as Police Chief for Defendant Jersey City and was the primary official responsible for the training, discipline, and supervision of its police officers including, without limitation, Defendants John and Jane Does 1-10. He is sued in his official and individual capacity.

17. At all times relevant, Keith Stith (hereinafter "Stith") served as Chief of Detectives of Hudson County and was the primary official responsible for the promulgation of policy and practice pertaining to training, discipline, and supervision of its law enforcement officers including, without limitation, Defendants John and Jane Does 1-10. She is sued in her official and individual capacity.

.

## FACTUAL ALLEGATIONS

18. On March 3, 2020, Plaintiffs Albert Taylor, Kaylin Guzman, Brianna Guzman and Shaquana Myrick were asleep in their residence located at 170 Carteret Avenue, City of Jersey City, County of Hudson, and State of New Jersey.

19. At approximately 1:00 a.m., officers from the Jersey City Police Department and Hudson County Prosecutors Office and John and Jane Does 1-10 broke down the front door to their dwelling and made entrance.

20. Defendant Officers of the Jersey City Police Department and Defendant Hudson County Prosecutors Office and John and Jane Does 1-10 then went through the residence, violently detaining Plaintiffs' and their children which included children under twelve (12) years of age at gunpoint for hours.

21. Defendant Officers of the Jersey City Police Department and Defendant Hudson County Prosecutors Office and John and Jane Does 1-10 then aggressively handcuffed each individual, including the children and falsely imprisoned Plaintiffs' and their family. The handcuffs were placed so tight as to cause injury. Despite requests to loosen the cuffs the pleas were ignored.

22. Defendants previously obtained a search warrant for another apartment, but unlawfully entered the Plaintiffs apartment despite clear indications that it was wrong.

23. As a result of the misconduct described above, Plaintiffs were injured and experienced humiliation, emotional distress, physical pain and suffering, psychological trauma, loss of assets and other incurred expenses.

## **COUNT I- 42 U.S.C. § 1983**

24. The Fourth Amendment prohibits law enforcement from using excessive force on citizens.

25. As a direct and proximate cause of the actions of Defendants, individually and jointly, Plaintiff suffered the following injury and damages:

    a. Violation of their constitutional rights under the Fourth and Fourteenth Amendment to the United States Constitution and the laws of the State of New Jersey to be free in his person from unreasonable and unjustified force;

    b. Physical pain and suffering, and emotional trauma and suffering.

26. Plaintiffs claim damages under 42 U.S.C. §1983 for the injury set forth above against Defendants for their violation of the clearly established and well settled federal constitutional rights of Plaintiffs.

27. The actions of John Does 1-10 as outlined above, constitute excessive and objectively unreasonable use of force under the circumstances.

28. As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of Plaintiffs by Defendants John Does 1-10 committed under color of state law, Plaintiffs sustained bodily harm and were deprived of their right to be secure in his person against unreasonable seizure of his person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and U.S.C. Section 1983.

29. As a direct and proximate cause of the conduct of Defendants John Does 1-10 as set forth above, Plaintiffs suffered bodily and emotional injuries; lost wages, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE,** Plaintiffs demand judgment against Defendants John Does 1-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred and for any such further relief as the court deems proper and just.

### COUNT II 42 U.S.C. § 1983
### UNLAWFUL POLICY OR CUSTOM
### FAILURE TO TRAIN, SUPERVISE AND DISCIPLINE
### *MONELL* CLAIM AGAINST DEFENDANTS JERSEY CITY, HUDSON COUNTY AND ABC ENTITIES 1-5, MICHAEL KELLY, KEITH STITH AND/OR JOHN DOES 1-10

30. Plaintiff hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

31. Defendants Jersey City, Hudson County, ABC Entities 1-5, Michael Kelly, Keith Stith and/or John Does 1-10 are vested by state law with the authority to make policy on: (1) the use of force; internal affairs investigations and/or administrative reviews pursuant to their Departmental policies, practices and/or customs and/or the New Jersey Attorney

General's Use of Force and/or Internal Affairs Guidelines; (2) effectuating arrests; (3) police citizen encounters, and/or (4) disciplining officers.

32. Defendants Kelly, Stith and/or John Does 1-10 are responsible for training law enforcement Officers in the use of force and/or were officers in charge when Plaintiffs were assaulted and arrested.

33. At all times mentioned herein, Defendants John Does 1-10, as law enforcement officers, agents, servants and/or employees of Defendants Jersey City, Hudson County and ABC entities 1-5, were acting under the direction and control of Defendant Jersey City, Hudson County, ABC entities 1-5, Michael Kelly, Keith Stith and/or John Does 1-10, and were acting pursuant to the official policy, practice or custom of the Defendant Jersey City, Hudson County and ABC entities 1-5

34. Acting under color of law pursuant to official policy, practice, or custom, Defendants Jersey City, Hudson County and ABC entities 1-5 Michael Kelly, Keith Stith and/or John Does 1-10 intentionally, knowingly, recklessly and/or with deliberate indifference failed to train, instruct, supervise, control, and discipline on a continuing basis, Defendants and/or John Does 1-10 in their duties to refrain from: (1) unlawfully and maliciously assaulting, arresting and harassing citizens; (2) intentionally, recklessly and/or negligently misrepresenting the facts of arrests and/or other police-citizen encounters; (3) falsifying police and/or other official records; (4) withholding and/or mishandling evidence; (5) making false arrests, and/or (6) using unreasonable and excessive force.

35. Acting under color of law pursuant to official policy, practice, or custom, Defendants Jersey City, Hudson County and ABC entities 1-5, Michael Kelly, Keith Stith and/or John Does 1-10 intentionally, knowingly, recklessly and/or with deliberate

indifference implemented and/or conducted superficial and shallow Internal Affairs processes which ignored evidence and patterns of police misconduct on individual and departmental levels. Acting under color of law pursuant to official policy, practice, or custom, Defendants Jersey City, Hudson County and ABC entities 1-5, Michael Kelly, Keith Stith and/or John Does 1-10 failed to professionally, objectively and/or expeditiously investigate instances and patterns of police misconduct in violation of the spirit and substance of the New Jersey Attorney General's Guidelines for the Use of Force and Internal Affairs Policy and Procedures.

36. Defendants Jersey City, Hudson County and ABC entities 1-5, Michael Kelly, Keith Stith and/or John Does 1-10 failed to adequately track departmental excessive force complaints, administrative complaints and/or use of force incidents in violation of Department policies, practices, customs and/or guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines, and/or failed to discipline officers for such violations.

37. Defendants were aware of numerous similar police citizen encounters involving, and/or Internal Affairs complaints and/or civil lawsuits filed against John Does 1-10 and/or other law enforcement officers, where they customarily and frequently subjected citizens to physical and mental abuse; unlawfully and maliciously assaulted, arrested and harassed citizens; intentionally, recklessly and/or negligently misrepresented the facts of arrests and/or other police-citizen encounters; falsified police and/or other official records; made false arrests, mishandled and/or withheld evidence and/or used unreasonable and excessive force on citizens/arrestees.

38. Despite their awareness, Defendants failed to employ any type of corrective or disciplinary measures against John Does 1-10 and/or other police officers.

39. Defendants had knowledge of, or, had they diligently exercised their duties to instruct, train, supervise, control, and discipline Defendants John Does 1-10 on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed.

40. Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

41. Defendants directly or indirectly, under color of state law, approved and/or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of John Does 1-10 heretofore described.

42. Defendants encouraged, tolerated, ratified and have been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of protecting citizens from unreasonable and unjustified physical pain and suffering, and emotional trauma and suffering, under the Fourth and Fourteenth Amendments to the United States Constitution.

43. Plaintiffs claim damages under 42 U.S.C. §1983, for the injuries set forth above against all Defendants for violation of the clearly established and well settled federal constitutional rights of Plaintiff.

44. As a direct and proximate cause of conduct of Defendants set forth above, Plaintiffs were deprived of their Fourth and Fourteenth Amendment constitutional rights; sustained bodily and emotional injuries; lost wages, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE,** Plaintiffs demand judgment against Defendants on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred and for any such further relief as the court deems proper and just.

## COUNT III
## NEW JERSEY CIVIL RIGHTS ACT
## N.J.S.A. 10:6-1, ET. SEQ.
(Against All Defendants)

45. Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

46. The actions of the defendants as set forth in the Complaint were intended to and did, in fact, deprive Plaintiffs of their Constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

47. N.J.S.A. 10:6-2 provides that:

> "Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief."

48. As a proximate result of Defendants' unlawful conduct, Plaintiffs have suffered actual physical and emotional injuries, and other damages and losses as described herein entitling them to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiffs have incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

**WHEREFORE,** Plaintiffs demand judgment against Defendants on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred and for any such further relief as the court deems proper and just.

## COUNT IV
## NEGLIGENT HIRING AND SUPERVISION

49. Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

50. Defendants City of Jersey City, County of Hudson and John and Jane Does 1-10, having a duty to competently hire, train and supervise police and investigative personnel, failed to make reasonable investigation that would have disclosed the employee' 'undesirable characteristics, attribute or tendencies and failed to supervise the actions and/or inactions, the acts and omissions of their employees as set forth above. Defendants' negligent hiring and failure to supervise caused Plaintiffs to suffer serious bodily and emotional injury.

**WHEREFORE,** Plaintiffs demand judgment against Defendants on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred and for any such further relief as the court deems proper and just.

LAW OFFICES OF ROBERT L. TARVER, JR.

Attorneys for Plaintiff


By: *Robert L. Tarver, Jr.*
    Robert L. Tarver, Jr., Esq.
    Attorney for Plaintiffs

Dated: January 21, 2022

## JURY DEMAND

The Plaintiffs demand a trial by jury on all issues so triable.

        LAW OFFICE OF ROBERT L. TARVER, JR.

        Attorneys for Plaintiff

        By:  *Robert L. Tarver, Jr.*
            Robert L. Tarver, Jr., Esq.
            Attorney for Plaintiffs

Dated: January 21, 2022

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative hearing

        LAW OFFICE OF ROBERT L. TARVER, JR.

        By:  *Robert L. Tarver, Jr.*
            Robert L. Tarver, Jr., Esq.
            Attorney for Plaintiffs

Dated: January 21, 2022